

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2824
Re: Itemization of duties
performed by State em-
ployee on traveling ex-
pense account.

We have your letter of October 14, 1940, request-
ing our opinion upon the adequacy of the September travel-
ing expense accounts of W. H. Martin, Deputy State Boiler
Inspector, J. C. Skipper, Deputy Labor Commissioner, Jim
S. Fritts, Deputy Labor Commissioner and C. H. Smith, Boiler
Inspector. You attached these respective accounts to your
request, together with a letter of the Honorable Joe Kunschik,
Commissioner, Bureau of Labor Statistics, wherein he states
that for employees of his department to list in their expense
accounts the names of all persons interviewed, etc., might be
a violation of Article 1564, Penal Code. This Article pro-
vides:

"In the reports made by the Commis-
sioner to the Governor the names of per-
sons, firms or corporations supplying in-
formation under any provision of this
chapter shall not be disclosed, nor shall
any such name be communicated to any person
not employed in the Bureau of Labor Stat-
istics. Any officer or employe of such
bureau violating any provision of this
article, shall be fined not to exceed five
hundred dollars, or be imprisoned in jail
not to exceed ninety days."

It is apparent that this article applies only to re-
ports relating to labor statistics and does not extend the con-
fidential nature of reports to other activities of the Bureau
of Labor Statistics, such as boiler inspections.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

We believe, therefore, that while the traveling expense accounts of employees of the Bureau of Labor Statistics should not set out the names of persons interviewed nor reveal information obtained in connection with the performance of duties prescribed by Title 18 of the Texas Penal Code; but as to other duties delegated to the Bureau of Labor Statistics, such as boiler inspection, the traveling expense accounts of the employees of said Bureau should contain all information required of other State Departments.

The general rider to the Departmental Appropriation Bill (S. B. 427, Acts, 46th Leg.) contains, among others, the following provisions relating to traveling expense accounts:

"(f) The following rules shall be observed by all State employees in rendering their expense accounts before any expense account shall be paid from appropriations herein made for 'traveling expenses';

"(1) There must be a concise statement of the duties performed, and the points from which the employee travels from the designated post of duty and all other towns visited and the object of such visit and of the specific expenses incurred.

"(2) The name of hotel, restaurant, boarding or rooming house at which meals and lodging are procured shall be given in every case where a receipt is required under this Act.

"(3) The name of the transportation agency used and the cost of the ticket purchased, together with a signed receipt for the same." (Emphasis ours)

By Section 11 of Article 4344, Revised Civil Statutes, the Comptroller is required to:

"Audit the claims of all persons against the State in cases where provision for the payment thereof has been made by law, unless the audit of any such claim is otherwise specially provided for."

Honorable George H. Sheppard, Page 3


"To audit" has been defined in the opinion of the Dallas Court of Civil Appeals in Williams v. Tompkins, 42 S. W. (2d) 106 at p. 110, quoting from City of Syracuse v. Roscoe, 66 Misc. Rep. 317, 123 N. Y. S. 403, 408, as follows:

"The meaning of the phrase 'to audit,' when applied to claims against towns, cities, or counties, means to hear, to examine an account, and, in its broader sense includes its adjustment or allowance, disallowance or rejection; and the verb 'audit,' as so used, means simply to examine, to adjust, and clearly implies the exercise of judicial discretion."

In order properly to audit a traveling expense account, the Comptroller must be given sufficiently specific information as to the duties performed by the employee to enable him to determine whether the purposes for which the expenses were incurred may properly be charged to the particular appropriation.

It is our opinion that the Comptroller may request additional information as to the business transacted by a State employee on a particular trip, when he has reason to doubt that the object of the trip was for a legitimate State purpose within the scope of the purpose of the appropriation out of which the account is to be paid. We are not prepared to say, however, that as a matter of law, every traveling expense account must set out in minutest detail every act performed by the employee. Just how complete must be the information as to duties performed is not a matter about which we can lay down a set of rules which will govern all cases. The problem is one which can be solved only by mutual cooperation between the Comptroller and other State Departments, whereby a practice may be evolved that will assure the fulfillment of his statutory duty of supervision over all State expenditures, and at the same time not encumber the effectiveness of traveling employees by requiring them to make reports, detailed and voluminous to an extent far beyond any useful purpose.

Whether the four expense accounts, which you attached to your request, are made out in sufficient detail to enable you to make proper audit of the accounts is a question which cannot be answered as a matter of law by this department, but must be determined by you in the reasonable exercise of your

Honorable George H. Sheppard, Page 4

administrative discretion along the lines of the suggestions hereinabove made. The four expense accounts are returned to you herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant

WRK:RS

ENCLOSURES

APPROVED OCT 22, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS